**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JOHN LEE LAYTON,  )
      #11108        )
                    )
      Plaintiff,    )    3:10-cv-00443-ECR-RAM
                    )
vs.                 )
                    )    **ORDER**
ROBERT BRUCE BANNISTER,  )
                    )
      Defendant.    )
_____/

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. The court now reviews the complaint.

**I. Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. The critical inquiry is whether a

constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

**II.  Instant Complaint**

Plaintiff, who is incarcerated at Nevada State Prison ("NSP") has sued Nevada Department of Corrections ("NDOC") Medical Director Robert Bannister, alleging deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights.  According to plaintiff, he is blind in one eye due to a cataract for which NDOC refused to approve surgery, and now he has a cataract that has severely limited vision in his other eye.  However, medical personnel have informed him that, due to budget concerns, his second eye is not bad enough yet for the Utilization Review Panel to approve surgery, and defendant has denied plaintiff's grievances.  Plaintiff alleges that his limited vision makes it difficult to navigate the prison and yard and that he frequently bumps into other inmates and has suffered numerous bumps and cuts, especially on his head and face, due to frequent falls.

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).  A detainee or prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Id.* at 106.  The "deliberate indifference" standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. *Farmer*, 511 U.S. at 837.  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Id.*

3

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), citing *Estelle*, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995); *McGuckin v. Smith*, 974 F.2d 1050, 1050 (9th Cir. 1992) (*overruled on other grounds*)*, WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Delay of, or interference with, medical treatment can also amount to deliberate indifference. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Clement v. Gomez*, 298 F.3d 898, 905 (9th Cir. 2002); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 1996); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, (9th Cir. 1997) (en banc); *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). Where the prisoner is alleging that delay of medical treatment evinces deliberate indifference, however, the prisoner must show that the delay led to further injury. *See Hallett*, 296 F.3d at 745-46; *McGuckin*, 974 F.2d at 1060; *Shapley v. Nev. Bd. Of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

Plaintiff states an Eighth Amendment medical claim against defendant.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that the Clerk of Court shall detach and **FILE** the complaint (docket #1-1, Exhibit B).

1       **IT IS FURTHER ORDERED** that plaintiff's claims **MAY PROCEED**.

2       **IT IS FURTHER ORDERED** that defendant(s) shall file and serve an answer or other response to the complaint within **thirty (30) days** following the date of the early inmate mediation. If the court declines to mediate this case, an answer or other response shall be due within **thirty (30) days** following the order declining mediation.

      **IT IS FURTHER ORDERED** that the parties **SHALL DETACH, COMPLETE, AND FILE** the attached Notice of Intent to Proceed with Mediation form on or before **thirty (30) days** from the date of entry of this order.

      **IT IS FURTHER ORDERED** that henceforth, plaintiff shall serve upon defendants, or, if an appearance has been made by counsel, upon their attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for defendants. If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein. The court may disregard any paper received by a district judge or a magistrate judge that has not been filed with the Clerk, and any paper which fails to include a certificate showing proper service.

DATED: November 3, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

```
_____
Name
_____
Prison Number
_____
Address
_____

_____
```

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

_____,  )   Case No. _____
           Plaintiff,       )
                            )
v.                          )   **NOTICE OF INTENT TO**
                            )   **PROCEED WITH MEDIATION**
_____    )
                            )
_____    )
           Defendants.      )
_____    )

    This case may be referred to the District of Nevada's early inmate mediation program. The purpose of this notice is to assess the suitability of this case for mediation. Mediation is a process by which the parties meet with an impartial court-appointed mediator in an effort to bring about an expedient resolution that is satisfactory to all parties.

1. Do you wish to proceed to early mediation in this case? ____ Yes ____ No

2. If no, please state the reason(s) you do not wish to proceed with mediation? _____

_____

_____

_____

3. List any and all cases, including the case number, that plaintiff has filed in federal or state court in the last five years and the nature of each case. (Attach additional pages if needed).

_____

_____

_____

6

4. List any and all cases, including the case number, that are currently pending or any pending grievances concerning issues or claims raised in this case. (Attach additional pages if needed).

_____

_____

_____

_____

5. Are there any other comments you would like to express to the court about whether this case is suitable for mediation. You may include a brief statement as to why you believe this case is suitable for mediation. (Attach additional pages if needed).

_____

_____

_____

_____

**This form shall be filed with the Clerk of the Court on or before thirty (30) days from the date of this order.**

<u>Counsel for defendants</u>: By signing this form you are certifying to the court that you have consulted with a representative of the Nevada Department of Corrections concerning participation in mediation.

Dated this _____ day of _____, 20____.

_____
Signature

_____
Name of person who prepared or
helped prepare this document